ALVIN MITCHELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mitchell v. Commissioner
Docket No. 13993-84
United States Tax Court
T.C. Memo 1990-213; 1990 Tax Ct. Memo LEXIS 232; 59 T.C.M. (CCH) 486; T.C.M. (RIA) 90213; April 25, 1990
Alvin Mitchell, pro se. Richard A. Stone, for the respondent. GOLDBERG, Special Trial Judge. GOLDBERG
MEMORANDUM OPINION This matter is before the Court on petitioner's Motion To Order Refund Of Overpayment in the amount of $ 393.00 for the taxable year 1982, filed on October 13, 1989, pursuant to section 6512(b)(2) of the Code. [1] After notification from the Court of petitioner's pending motion, respondent filed a notice of objection on October 30, 1989, to which petitioner filed a response on November 2, 1989. *235 Thereafter, on January 26, 1990, the Court ordered respondent to submit a document reflecting an assessment of the deficiency in Federal income tax for the taxable year 1982, the interest thereon, and the additions to tax. In complying with the order, respondent filed a copy of a statement of account with his status report on February 26, 1990, to which petitioner filed a response on February 28, 1990. Respondent, in addition, reported that he was in the process of refunding $ 2.19, together with interest, for a total of $ 4.48. For convenience, we will discuss the factual background of this case before disposing of petitioner's pending motion. By statutory notice mailed on February 16, 1984, respondent determined the following deficiency in, and additions to, petitioner's Federal income tax for the taxable year 1982: Additions to Tax
Deficiency
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654
$ 22,073
$ 5,518
$ 1,104
*
$ 2,148
*236 While incarcerated in the United States Prison, Leavenworth, Kansas, petitioner filed a petition with this Court placing the entire deficiency and additions to tax in dispute. By Order dated December 12, 1988, this case was assigned to this Special Trial Judge for trial or other disposition. Subsequently, and prior to the trial set for a special session on May 22, 1989, the parties entered into a stipulated decision reflecting their settlement of the case. The stipulated decision provided for a deficiency in income tax for the taxable year 1982 in the amount of $ 10,673 and additions to tax pursuant to sections 6651(a)(1), 6653(a)(1), 6653(a)(2), and 6654 in the respective amounts of $ 2,668.25, $ 533.65, $ 142.19 and $ 1,039.11. The decision document also provided for an overpayment for the taxable year 1982 in the amount of $ 393.30. The case was called from the special trial session calendar on May 22, 1989, in Benton, Illinois, where petitioner and counsel for respondent appeared and were heard. On the record, respondent's counsel informed the Court that the case involved a termination assessment made on December 6, 1982. On or about that time, petitioner was arrested *237 and during the arrest over $ 15,000 in cash was seized pursuant to a search warrant. Respondent received the cash on or about June 14, 1983, almost two months after April 15, 1983, the due date of the filing of petitioner's 1982 Federal income tax return. The parties agreed that the total amount of petitioner's income tax liability, additions to tax, and interest for 1982 would total $ 15,449.50, the amount of cash already in respondent's possession. Because the interest was not to be included in the proposed decision document, a solution was reached whereby an overpayment of $ 393.30 would be set forth in the decision document. According to respondent, the overpayment was equal to the interest on the deficiency. After entry of the decision by the Court, respondent would assess the interest of $ 393.30, and the overpayment would be applied to the interest, with the result that petitioner would neither owe any additional amount to respondent nor would be entitled to the overpayment. The Court was satisfied that petitioner fully understood the terms of the settlement explained by respondent on the record and reflected in the decision document. In fact, petitioner acknowledged *238 on the record that he understood and agreed to the settlement and that he voluntarily executed the decision document. The decision document was received on May 22, 1989, and entered on May 31, 1989. Section 6512(b)(1) gives jurisdiction to this Court to determine an overpayment of income tax for the same taxable period to which the petition relates. Further, section 6512(b)(2) provides that if, after 120 days after a decision of this Court has become final, the Commissioner has failed to refund the overpayment determined by this Court, the taxpayer may move this Court to order the refund of such overpayment and interest. Here, the decision was entered on May 31, 1989, and became final 90 days thereafter, which date was August 29, 1989. See sections 7481(a)(1) and 7483. Consequently, petitioner was required to wait until December 27, 1989, 120 days after the decision became final, to file his motion. Therefore, because petitioner filed his motion on October 13, 1989, it is premature and will be denied. However, were petitioner's motion timely, he would still not be entitled to a refund in the amount requested for the reasons set forth below. Section 6201 authorizes the assessment *239 of taxes, including interest and additions to tax. Section 6601(a) provides that interest is payable where any amount of tax is not paid on or before the last day prescribed for at payment. The rate of interest is established under section 6621. Section 6402(a) permits respondent to credit any overpayment of tax against any outstanding liability for any tax including interest and additions to tax. However, except as provided in section 6401(a), there can be no overpayment of tax until the entire tax liability has been satisfied. Section 301.6611-1(b), Proced. & Admin. Regs. In this case, the decision document executed by the parties and entered by the Court, reflected the agreement of the parties to resolve this case. The parties further stipulated in the document that, effective upon the entry of the decision by the Court, petitioner waived the restrictions contained in section 6213(a) prohibiting assessment of the deficiency until the decision of the Court became final. According to the statement of account filed with respondent's status report on February 26, 1990, the chronological sequence of events regarding the assessment of petitioner's income tax liability, including *240 interest and additions to tax for 1982, is as follows: Date
Transaction
Amount
12-06-82
Termination Assessment
for 1982
$ 21,563.00 10-02-89
Abatement of tax assessed
on 12-06-82
(10,890.00)
Deficiency per Decision
entered May 31, 1989
10,673.00 10-02-89
Assessment of failure to file
addition -- Sec. 6651(a)(1)
per Decision entered
May 31, 1989
2,668.25 10-02-89
Assessment of negligence
addition -- Sec. 6653(a)(1)
per Decision entered
May 31, 1989
533.65 02-26-90
Assessment of negligence
addition -- Sec. 6653(a)(2)
per Decision entered
May 31, 1989
142.19 10-02-89
Assessment of addition for
failure to pay estimated
tax -- Sec. 6654 per Decision
entered May 31, 1989
1,039.11 10-02-89
Assessment of interest on
deficiency from 04-15-83 --
due date for filing 1982
income tax return until
payment credited -- 06-14-83
284.38 10-02-89
Assessment of addition for
failure to pay -- Sec. 6651(a)
(3) -- from 04-15-83 due date
for filing 1982 income tax
return until payment
received 06-14-83
106.73 Total assessments and abatement 15,447.31 06-14-83 payment received credit (15,449.50)
Actual amount of overpayment for 1982 $      2.19 *241 Although the decision document entered on May 31, 1989, provided for a overpayment of $ 393.00, the actual overpayment is $ 2.19, together with interest as provided by section 6611, after the assessment of tax, additions and interest. An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect for the year at issue.↩
*. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules and regulations.↩